UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVON WILSON, #801395,

    Petitioner,

v.                                 CASE NO. 15-CV-13885
                                   HONORABLE SEAN F. COX

STEVEN RIVARD,

    Respondent.
_____/

## ORDER DENYING MOTION TO HOLD HABEAS PETITION IN ABEYANCE

### I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jovon Wilson ("Petitioner") pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, possession of a firearm by a felon ("felon in possession"), Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, in the Oakland County Circuit Court. He was sentenced to 11 years three months to 40 years imprisonment on the armed robbery conviction, a concurrent term of two years to seven years six months on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2013. In his petition, he raises a sentencing guidelines claim.

This matter is currently before the Court on Petitioner's motion to hold his habeas petition in abeyance so that he can return to state court to exhaust remedies on additional claims concerning the effectiveness of defense counsel and the voluntariness of his plea. Respondent has not yet filed an answer to the petition or the state court record. Those

materials are due in May, 2016. For the reasons that follow, the Court denies Petitioner's motion.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same sentencing claim contained in his current habeas petition, which was denied for lack of merit. *People v. Wilson*, No. 320041 (Mich. Ct. App. March 28, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Wilson*, 497 Mich. 855, 852 N.W.2d 634 (Sept. 5, 2014). Petitioner dated his federal habeas petition, and the instant motion, on October 21, 2015.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the

Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claim is exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), will preclude review. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, see *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on September 5, 2014 and the time for seeking a writ of certiorari with the United States Supreme Court expired on or about December 4, 2014. Petitioner dated his federal habeas petition on October 21, 2015.

3

Thus, approximately 44 days of the one-year period remains. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that six weeks of the one-year period remains, Petitioner has sufficient, albeit limited, time, to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Moreover, while there is no evidence of intentional delay, Petitioner neither alleges nor establishes good cause for failing to properly exhaust his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, Petitioner states that he seeks to exhaust additional claims concerning the effectiveness of defense counsel and the voluntariness of his plea, but provides no detail about those claims. While such claims generally concern matters of federal law, the Court

4

cannot determine whether they are plainly meritless based upon Petitioner's pleadings. Given such circumstances, a stay is unwarranted.

## IV.  CONCLUSION

Accordingly, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance.  Should Petitioner wish to have the Court dismiss the present petition, which contains an exhausted claim, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order.  If he does not do so, the Court shall proceed on the claim contained in the pending petition.

**IT IS SO ORDERED.**

S/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated:  November 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 25, 2015, by electronic and ordinary mail to Petitioner at:

**Jovon Wilson** #801395
ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880                    .

S/Kelly Winslow for Jennifer McCoy
Case Manager Generalist